UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMUEL B. SPITALNY, et al. | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 23-366WES |
| | : | |
| NICHOLAS FIORILLO, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION TO REMAND CASE TO MASSACHUSETTS STATE COURT AND ORDER TO SHOW CAUSE WHY SANCTIONS AND INJUNCTION SHOULD NOT BE ORDERED

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This case[1] was purportedly removed from the Massachusetts Superior Court (Suffolk) by *pro se* Defendant Nicholas Fiorillo by notice filed in this Court on September 4, 2023, but not in the state court until October 4, 2023.[2] Having reviewed the notice of removal and the accompanying state court pleading, I make the *sua sponte* findings that this Court lacks subject matter jurisdiction, the venue is improper, and the removal is untimely; therefore, I make the *sua*

---

[1] This case has been pending in the Suffolk County Superior Court of the Commonwealth of Massachusetts since December 21, 2021. ECF No. 1-2 at 1. In that court, it is captioned as Spitalny v. Fiorillo and is designated variously as 21-cv-2894-H and 2184CV02894. Id. at 1, 101.

[2] As reflected on the public docket of the Massachusetts Superior Court (Suffolk), the notice of removal was not filed "promptly" in the state court case as required by 28 U.S.C. § 1446(d). Instead, on August 29, 2023, Mr. Fiorillo filed a "Notice of Filing of Notice of Removal" in the state court case, which represented (inaccurately) that a notice of removal had been filed in this Court on August 24, 2023. Spitalny v. Fiorillo, 2284CV01064 (Mass. Super. Ct. Aug. 29, 2023) (Docket 190), accessible at Case Details - Massachusetts Trial Court N5 (masscourts.org). Then, after the filing of a removal notice in this Court on September 4, 2023, the mandatory filing of the removal notice in the state court case was inexplicably delayed for a month, until October 4, 2023. Id. at Docket 194 (October 4, 2023). In response, the state court quickly issued an order indicating that it would retain jurisdiction over the state court case (in which a hearing had been scheduled) despite this removal notice based on its findings, which I endorse, that this removal is void as untimely, because the notice purported to remove to this Court, which is not the proper venue, and because the case had already been remanded by order issued by the United States District Court of the District of Massachusetts. Id. (Order of Oct. 11, 2023).

*sponte* recommendation[3] that the Court order that this case be remanded forthwith. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). In addition, referred to me is the motion of one of the plaintiffs, Stephen Quillinan ("Mr. Quillinan"), (ECF No. 7) filed on October 13, 2023,[4] for remand based not only on lack of subject matter jurisdiction, but also based on untimeliness, improper venue and non-compliance with three orders of remand issued by the District of Massachusetts, as well as for an injunction and sanctions for vexatious litigation, including attorney's fees, costs and expenses pursuant to 28 U.S.C. § 1447(c). For the reasons that follow, I agree and recommend that the remand motion be granted and that this Court order that this case be remanded forthwith.

Because of the egregiousness of Mr. Fiorillo's conduct in this case and others, pursuant to § 1447(c) and the Court's inherent power, I order that Mr. Fiorillo must show cause in writing why his conduct in removing this case and others to this Court should not be sanctioned and why he should not be enjoined from continuing such conduct.

**I.  Background**

---

[3] As with the other cases improperly removed by Mr. Fiorillo, despite the lack of subject matter jurisdiction, I am issuing a report and recommendation. See BSI 254 Westfield, LLC v. Nicholas Fiorillo, C.A. No. 23-363WES, 2023 WL 6532639, at *1 n.1 (D.R.I. Oct. 6, 2023); Delpidio v. Fiorillo, C.A. No. 23-349WES, 2023 WL 6632965, at *1 n.1 (D.R.I. Oct. 12, 2023).

[4] The law is unclear whether this motion to remand may be considered timely in that it was filed more than thirty days after Mr. Fiorillo filed the notice of removal on September 4, 2023. See 28 U.S.C. § 1447(c). If it is not, defects other than the lack of subject matter jurisdiction should be deemed waived and arguably may not even be raised *sua sponte* by the Court. See Pineiro v. Oriental Grp., 734 F. Supp. 2d 239, 242 (D.P.R. 2010) (prior to expiration of the thirty-day time period for motion to remand in 28 U.S.C. § 1447(c), court may *sua sponte* remand based on procedural defects). However, the state court docket reveals that Mr. Fiorillo failed to perfect his notice of removal by filing it "promptly" in state court. See *supra* n.2. Since the motion to remand was filed only nine days after the removal notice was filed in state court, as noted in n.2, *supra*, I deem the motion to remand to be timely; I also find that the Court has retained its power to remand *sua sponte* for defects other than subject matter jurisdiction. In any event, the arguable untimeliness of the motion to remand does not impact the outcome; my recommendation to remand remains the same even if based only on the lack of subject matter jurisdiction. Delpidio, 2023 WL 6632965, at *1 n.2.

The underlying state court case was filed in the Massachusetts Superior Court (Suffolk) on December 21, 2021, almost a year and nine months before the purported removal; by the end of 2021, Mr. Fiorillo had appeared through counsel and presumptively received the complaint. On the face of the complaint, the case is based on Massachusetts state law (breach of contract, fiduciary duty and guaranty agreements, fraud, promissory estoppel and unjust enrichment, as well as a claim to reach-and-apply as to certain limited liability entities in some of which Mr. Fiorillo is a member). ECF No. 1-2 at 5-32; see id. at 101-29 (amended pleading). As reflected in the pleading, the plaintiffs are a limited liability company based in Massachusetts whose members are not revealed and four individuals who are residents and presumptively citizens of various states, including Massachusetts; defendants include Mr. Fiorillo, who is a resident and presumptive citizen of Massachusetts, as well as nine limited liability companies named as direct or reach-and-apply defendants. Id. at 3-7, 28-29; see id. at 101-03, 125-26. Because Mr. Fiorillo is a member in or owner of some or all of the limited liability companies, these are also citizens of Massachusetts. Id. at 28-29; see id. at 125-26. It is unclear whether any other defendant consented to the removal. There are no claims arising from the Constitution, laws or treaties of the United States. Neither the pleading nor the removal notice contains any claims of race discrimination or allegations that Mr. Fiorillo is a government official compelled by state law or state action to violate federal civil rights.

This is Mr. Fiorillo's fourth attempt to remove this state court case to federal court. His first attempt was rejected in a decision issued by Judge Wolf in the District of Massachusetts based on the lack of federal subject matter jurisdiction. Spitalny v. Fiorillo, 579 F. Supp. 3d 265, 269-71 (D. Mass. 2022), appeal dismissed, No. 23-1090, 2023 WL 4748187 (1st Cir. Mar. 6, 2023). In this decision, the court found that all "claims are based on Massachusetts law," that

"[d]iversity of citizenship does not exist in this case because it appears that both plaintiff Stephen Quillinan and defendant Nicholas Fiorillo are citizens of Massachusetts," and that the "case was improperly removed because defendants have not shown that federal jurisdiction exists." Id. at 267, 270-71 & n.1.

A second attempt was rejected by Judge Kelley of the District of Massachusetts on October 3, 2022, who also found "no basis for federal subject-matter jurisdiction over any of the claims in this action, and thus there are no valid grounds for removal"; in addition, she found the removal to be untimely and "prejudicial to all parties, and an intrusion upon the jurisdiction of the state court." Spitalny v. Fiorillo, 22-cv-11413-AK (D. Mass. Oct. 3, 2022), ECF No. 22. Judge Kelley ordered remand and, despite an appeal, retained jurisdiction to consider whether the removal was an abuse of process. Id. ECF No. 22. After all of Mr. Fiorillo's appeals were dismissed, Nos. 22-1752, 22-1904 (1st Cir. Feb. 8, 2023), Judge Kelley ordered that Mr. Fiorillo must pay $10,134.14 in § 1447(c) fees, expenses and costs to plaintiffs and entered an injunction barring him from removing *pro se* any case involving these individual plaintiffs (Samuel Spitalny, Jacob Spitalny and Stephen Quillinan) or from removing or filing any case until the § 1447(c) sanctions is paid in full, except with leave of court. Id. ECF No. 55 at 5, 7. While this injunction order did not issue until September 20, 2023, on July 5, 2023, Judge Gorton had issued an injunction, enjoining Mr. Fiorillo from initiating any civil action or maintaining any removed action whether *pro se* or through counsel until he had paid in full a 28 U.S.C. § 1447(c) award of $6,150.09 and the filing fee in another case. Raymond C. Green, Inc. Tr. of Raymond C. Green Tr. v. Delpedio, Civil Action No. 23-10732-NMG, 2023 WL 4347330, at *1 & n.1, 2-3 (D. Mass. July 5, 2023) (listing thirteen failed attempts by Mr. Fiorillo to remove cases to District of Massachusetts; awarding § 1447(c) fees and costs and entering injunction to "curb

4

[Mr. Fiorillo's] vexatious or abusive litigation conduct"), aff'd, C.A. No. 23-1583 (1st Cir. July 18, 2023).

In defiance of the injunction and these orders, Mr. Fiorillo removed the case to the District of Massachusetts a third time on August 7, 2023. Spitalny v. Fiorillo, 23-cv-11809-NMG. By text order that issued on August 11, 2023, Judge Gorton summarily remanded the case based on Mr. Fiorillo's failure to comply with the injunction that he had issued on July 5, 2023, in Raymond C. Green, Inc. Tr. Id. at ECF No. 6. Judge Gorton also admonished Mr. Fiorillo that "his failure to comply with court orders may result in further sanctions." Id.

Blatantly disregarding the Massachusetts federal court's decisions issued as of September 4, 2023, on that day, Mr. Fiorillo filed in this Court a notice that invokes 28 U.S.C. §§ 1441, 1443, 1446 and "hereby removes to this Court the above-captioned State Court action," purportedly in response to "the recent and numerous violations of Federal statute, constituting gross violation of his Constitutional, civil rights." ECF No. 1 at 1. In the removal notice, Mr. Fiorillo failed to disclose that this case had already been thrice removed and thrice remanded. Further, prior to the filing of the removal notice in this case, Mr. Fiorillo was cautioned by this Court that venue does not lie in the District of Rhode Island for cases removed from state courts in Massachusetts:

> Before paying the filing fee or submitting an application to proceed in forma pauperis, Petitioner is cautioned that, aside from any other defects in the purported removal, the statutes on which he relies all limit removal "to the district court of the United States for the district and division embracing the place wherein [the State court action] is pending." 28 U.S.C. §§ 1441, 1443.

Delpidio v. Fiorillo, 23-cv-349WES, Text Order (D.R.I. Aug. 29, 2023). Following the entry of this text order, Mr. Fiorillo ignored the Court's caution and continued removing cases to the District of Rhode Island from various Massachusetts state courts, including this case.

5

**II.     Applicable Law and Analysis**

Whether a state action may be removed to federal court begins with examination whether there is federal jurisdiction. Rhode Island v. Smart Green Solar, LLC, C.A. No. 23-298-JJM-LDA, 2023 WL 6276571, at *1 (D.R.I. Sept. 26, 2023). The party seeking to remove a case to federal court must shoulder the burden of demonstrating the existence of federal jurisdiction. Cardillo v. Cardillo, 360 F. Supp. 2d 402, 414 (D.R.I. 2005). "The removal statute, moreover, should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action." Id. (internal quotation marks omitted). Lack of subject matter jurisdiction over a removed case may be raised *sua sponte* by the court at any time. Violette v. Click Bank, No. 1:20-cv-00412-NT, 2021 WL 76719, at *1 (D. Me. Jan. 8, 2021).

For § 1441 removal, the case must be a civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). That is, the case is removable based on diversity of citizenship if the party alignment and amount in controversy is sufficient to satisfy the requirements of 28 U.S.C. § 1332(a), as long as no defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Also removable are cases that include a claim arising under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331. 28 U.S.C. § 1441(c). Unless the case properly invokes federal subject matter jurisdiction based either on § 1331 or § 1332, it may not be removed to federal court pursuant to § 1441. Smart Green Solar, LLC, 2023 WL 6276571, at *1; see Raymond C. Green Tr. v. Fiorillo, Civil Action No. 22-11724-ADB, 2022 WL 16857197, at *1 (D. Mass. Nov. 10, 2022). "[A] district court confronted with a question of subject matter jurisdiction . . . only asks whether the complaint, on its face, asserts a colorable federal claim." BIW Deceived v. Loc. S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 832 (1st

Cir. 1997). Section 1441 removal of this case fails because this Court lacks subject matter jurisdiction, as the District of Massachusetts has already held. For this reason, to the extent that Mr. Fiorillo relies on § 1441(a), remand is required pursuant to 28 U.S.C. § 1447(c).

For § 1443 removal, the case must be a civil action or a criminal proceeding against a defendant who has been denied and cannot enforce his/her constitutional right of equal protection in the state court. Delpidio, 2023 WL 6632965, at *4. Nothing in the underlying complaint nor that appears in Mr. Fiorillo's notice of removal establishes racial equality allegations or that the case implicates Mr. Fiorillo's role as a federal or state officer or a person assisting such officers. Therefore, to the extent that Mr. Fiorillo's attempt to remove invoked § 1443, the Court lacks subject matter jurisdiction, and the case must be remanded. See id.

Whether brought under § 1441 or § 1443, as Mr. Quillinan argues and the Massachusetts Superior Court order (n.2 *supra*) reflects, removal venue is strictly limited to the federal district court (and, if applicable, the division of that court) where the state court case was pending. 28 U.S.C. §§ 1441, 1446. If the case is otherwise properly removable, the court could transfer venue to the proper district or remand the case back to state court. See Texas. Mut. Ins. Co. v. SITUS Trucking, LLC, Civil No. 22-cv-01563, 2023 WL 4634643, at *7 (D.P.R. July 20, 2023). However, where, as here, federal subject matter jurisdiction is also lacking, a venue transfer is not appropriate and the federal court in a district that is not the proper venue should remand the case back to the state court for further proceedings. Delpidio, 2023 WL 6632965, at *5. Mr. Fiorillo ignored this Court's caution and persisted in filing this case in a Court where venue does not lie. See Delpidio, 23-cv-364WES, Text Order (D.R.I. Aug. 29, 2023). Because this Court also lacks subject matter jurisdiction, I recommend that the matter be summarily remanded based on the improper venue.

Procedurally, with the notice of removal filed more than a year after this action was initiated in state court, this case must also be remanded due to Mr. Fiorillo's non-compliance with the timeliness requirement in § 1446(b)(1). This mandatory statutory provision applies to removals under both § 1441 and § 1443 and requires that the removal notice be filed within thirty days after receipt by the defendant of a copy of the pleading setting forth the claim for relief on which the removal is based. An untimely removal is subject to remand. Aroostook Cnty. Fed. Sav. & Loan v. Marrett, No. 1:23-cv-00006-JAW, 2023 WL 2868144, at *3 (D. Me. Apr. 10, 2023) (failure to file removal within thirty-day period in § 1446(b)(1) means litigant has "lost the option of federal court") (internal quotation marks omitted). For this additional reason, the Court should order that this case be summarily remanded.

A coda: in determining the timing of certification of the remand order, the Court must be mindful of the statutory provision making an order remanding a §1443 removal appealable. BP p.l.c. v. Mayor and city Council of Baltimore, ___ U.S. ___, 141 S. Ct. 1532, 1542-43 (2021) (pursuant to § 1446(d), remand of case removed pursuant to § 1443 is appealable). Our Circuit has held that a "district court may wish to avoid immediately certifying the remand order . . . [to] give the removing party an opportunity to move for a stay, to seek reconsideration, and/or to appeal the order and request a stay from the court of appeals." Forty Six Hundred LLC v. Cadence Educ., LLC, 15 F.4th 70, 81 (1st Cir. 2021). With this case having already been remanded three times, with two unsuccessful appeals, and consistent with Judge Gorton's order of August 11, 2023, in 23-cv-11809-NMG, I do not recommend that the Court follow this procedure. Based on all of the circumstances set forth above, I find that no delay is necessary and that the interests of justice require an immediate remand with no further delay and interference with the state court proceedings.

In light of the foregoing, there is no need for the Court to go further. I recommend, both *sua sponte* and in reliance on the pending motion to remand, that the Court order that this case be remanded forthwith to the Massachusetts Superior Court (Suffolk) for further proceedings.

### III.     Show Cause Regarding Sanctions and Injunction

As Mr. Quillinan has requested, 28 U.S.C. § 1447(c) permits plaintiffs to recoup costs and actual expenses, including attorney's fees, spent pursuing a successful motion to remand. Raymond C. Green, Inc. Tr., 2023 WL 4347330, at *2. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. (internal quotation marks omitted). Although the First Circuit has not defined what constitutes an "objectively reasonable basis" for removal, such sanctions have been found (in another case involving Mr. Fiorillo) to be justified when the court is addressing a second unsuccessful attempt to remove the same action, coupled with numerous instances on the same conduct in other cases. Id.

In addition to statutory sanctions, the district court has the inherent power to issue sanctions; that power, however, should be "exercised with restraint and circumspection." Pimentel-Soto, 957 F.3d 82, 87 (1st Cir. 2020) (internal quotation marks omitted); see F.A.C., Inc. v. Cooperativa De Seguros De Vida De P.R., 563 F.3d 1, 6 (1st Cir. 2009). A court has the "inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad faith, vexatious, wanton, or oppressive behavior." Tobias v. Smith, Civil Action No. 22-10609-FDS, 2023 WL 168659, at *4 (D. Mass. Jan 12, 2023). Courts can sanction *pro se* litigants. Siri v. Town of Hingham, ___ F. Supp. 3d ___, Civil Action No. 21-40138-TSH, 2023 WL 2429359, at *3 (D. Mass. Mar. 9, 2023) (*pro se* plaintiffs are subject to sanctions, court must consider party's

sophistication and experience, or lack thereof, when determining nature and severity of sanctions); Yates v. U.S. Pat. & Trademark Off., No. 5:19CV2350, 2020 WL 709282, at *2 (N.D. Ohio Feb. 12, 2020) (*pro se* plaintiffs have no right to abuse the judicial process by repeatedly filing meritless cases); Bradley v. Wallrad, No. 1:06CV246, 2006 WL 1133220, at *1 n.2 (S.D. Ohio Apr. 27, 2006) (*pro se* has "'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets'").  Sanctions based on the court's inherent power may be based on the time the judge and court staff are required to invest.  Shire LLC v. Abhai, LLC, 298 F. Supp. 3d 303, 335-36 (D. Mass. 2018) (a judge's time "is the most expensive resource in the courthouse" and the "judicial system of dispute resolution is not cost free and those who abuse it through misconduct impose direct costs on the law abiding taxpayers who support it") (internal quotation marks and citation omitted), appeal dismissed, 2018-1866, 2018-2280, 2018 WL 5270466 (Fed Cir. Oct, 22, 2018).  The court has the authority to impose sanctions *sua sponte*, provided that the litigant must be afforded notice and an opportunity to be heard before monetary sanctions are imposed.  United States v. Agosto-Vega, 731 F.3d 62, 66 (1st Cir. 2013).  The Supreme Court has specifically counseled that the remedy for a frivolous assertion that § 1443 applies is sanctions.  BP p.l.c., 141 S. Ct. at 1542-43.

In seeking to remove this case and others to the District of Rhode Island, Mr. Fiorillo has engaged in the following conduct.  First, in this case, he has defied the orders of three federal judges, two of which he unsuccessfully appealed to the First Circuit Court of Appeals.  Mr. Fiorillo's seemingly intentional evasion of those orders by filing in this District is also in defiance of this Court's caution that venue in this District does not lie for removal of a state court case pending in the Commonwealth of Massachusetts.  Further, Mr. Fiorillo has burdened this Court with at least nine other purported removals, almost all of which appear to be without

subject matter jurisdiction, and many of which appear to be in defiance of remand orders issued in the District of Massachusetts. Further, at least eleven times, Mr. Fiorillo has purported to file matters that have required review by the Clerk's office and (as to some) have been reviewed by a judicial officer and returned to him for failure to comply with 28 U.S.C. § 1446(a), all imposing additional burden on this Court. Finally, some or all of Mr. Fiorillo's filings in this Court, including this case, appear to be in defiance of the injunction entered in Raymond C. Green, Inc. Tr., 2023 WL 4347330, at *3.

Mindful of Mr. Fiorillo's right to review and respond to Mr. Quillinan's proposal for an injunction and his affidavit(s) regarding his reasonable costs, fees and expenses, as well as Mr. Fiorillo's right to notice and an opportunity to be heard before imposing § 1447(c) sanctions, inherent-power sanctions or enjoining further frivolous filings, the Court hereby orders that Mr. Fiorillo must show cause in writing why the conduct in removing this case to this Court and the other conduct described above should not be sanctioned pursuant to § 1447(c) and the Court's inherent power and why he should not be enjoined from continuing the conduct described above in this and other cases. Further, because it is focused on Mr. Fiorillo's conduct and its impact on Mr. Quillinan and on this Court, this show cause will proceed separately from the remand of this case and is the subject of a separate text order that is issuing today. Therefore, even after this case is summarily remanded, as I am recommending, the show cause proceedings shall continue.

## IV.     Conclusion

Based on the foregoing, I recommend that the motion of Plaintiff Stephen Quillinan ("Mr. Quillinan") (ECF No. 7) for remand to the Massachusetts Superior Court (Suffolk) for further proceedings be granted. I also *sua sponte* recommend that this case be summarily remanded to the Massachusetts Superior Court (Suffolk) for further proceedings. Pursuant to 28 U.S.C.

§ 1447(c), I further recommend that the Clerk be directed immediately to send a certified copy of the Order of remand to the clerk of that court. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

In addition to the foregoing, as memorialized in the text order and hearing notice that are issuing today in this case, I order that Mr. Quillinan shall file what he proposes for an injunction and an affidavit respecting his expenses and costs pursuant to 28 U.S.C. § 1447(c) on or before October 20, 2023, which shall conform to the requirements of DRI LR Cv 54.1. Mr. Fiorillo is ordered to respond and to show cause in a writing that must be filed on or before November 3, 2023, why his conduct in removing this case to this Court and as further described in this decision should not be sanctioned pursuant to 28 U.S.C. § 1447(c) and the Court's inherent power and why he should not be enjoined from continuing such conduct. On November 13, 2023, at 10 a.m., the Court will conduct an in-person hearing to consider these issues at which Mr. Fiorillo is ordered to appear.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 16, 2023