UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMUEL B. SPITALNY, et al. | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 23-366WES |
| | : | |
| NICHOLAS FIORILLO, et al., | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A) is the motion of *pro se* Defendant Nicholas Fiorillo to consolidate this case[1] that he purportedly removed from the Massachusetts Superior Court (Suffolk) with seven others that he either filed as federal court civil actions in this Court or that he removed to this Court from an array of state courts in Massachusetts. ECF No. 4.[2] Claiming that it will serve judicial economy, Mr. Fiorillo accurately represents that he is a *pro se* litigant in each of these cases. Otherwise, the balance of his representations about the commonality of parties, law and fact among these cases appear to be largely untrue. Only three of the four plaintiffs in this case – Samuel B. Spitalny, Stephen Quillinan and S&Q Data LLC – are named as parties in any of the cases listed in the motion; that is, these three are listed in 23-cv-121WES. Otherwise, there is no overlap of parties with the cases Mr. Fiorillo seeks to consolidate with this one. Nor is it clear that this simple state breach of contract/fraud/unjust enrichment case implicates the issues of law and fact (e.g., racketeering,

---

[1] This case has been pending in the Suffolk County Superior Court of the Commonwealth of Massachusetts since December 21, 2021. ECF No. 1-2 at 1. In that court, it is captioned as Spitalny v. Fiorillo and is designated variously as 21-cv-2894-H and 2184CV02894. Id. at 1, 101.

[2] The motion also asks the Court to stay something, although it is not clear what Mr. Fiorillo wants the Court to stay. The Court has disregarded this aspect of the motion; to the extent that Mr. Fiorillo intended to ask the Court to stay something, the motion is denied.

unlawful wiretapping, and breach of FDIC banking regulations) that appear to form the basis for 23-cv-121WES.  Thus, Mr. Fiorillo's representation in the motion that this case and all of the other cases are "very similar, if not identical" appears to be inaccurate.  By way of just one example, in 23-cv-121WES, Mr. Fiorillo has named (but not yet served) over eighty persons and entities, including Apple Inc., T-Mobile, the City of Boston and various officials and agencies of the City – as far as the pleadings reveal, none of these are implicated in any way in the facts presented in this case.  Further, while it is conceivable that subsequent proceedings in 23-cv-121WES will reveal commonality such that consolidation might yield efficiency, it is premature to make that determination at this phase where no defendant appeared.  More importantly, on October 16, 2023, I issued a report and recommendation recommending that this case be remanded to state court.  Therefore, consolidation is not appropriate at this time.

      Based on the foregoing, Mr. Fiorillo's motion to consolidate (ECF No. 4) is denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 16, 2023