UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMUEL B. SPITALNY, et al. | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 23-366WES |
| | : | |
| NICHOLAS FIORILLO, et al., | : | |
| Defendants. | : | |

**ORDER GRANTING MOTION FOR 28 U.S.C. § 1447 ATTORNEY FEES**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of Plaintiff Stephen Quillinan for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). ECF Nos. 7, 11.

This Court has now remanded this removed case based on the lack of subject matter jurisdiction, improper venue and untimeliness and provisionally found the improper removal to have been intentional, vexatious, objectively unreasonable and potentially sanctionable, particularly where the same case had already been removed three times to the District of Massachusetts and remanded for lack of subject matter jurisdiction, as well as for failure to comply with a filing injunction. Spitalny v. Fiorillo, C.A. No. 23-366WES, 2023 WL 6842275, at *2-6 (D.R.I. Oct. 16, 2023), adopted by Text Order (D.R.I. Oct. 31, 2023). Regarding the request of Plaintiff Quillinan for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), ECF Nos. 7, 11, Defendant Nicholas Fiorillo was ordered to show cause in writing filed on or before November 3, 2023, why such fees and costs should not be awarded. Text Order of Oct. 16, 2023. Despite making prolific filings in this and in his other cases prior to and since the show cause deadline, Defendant Fiorillo filed nothing addressing the fee issue by the show cause deadline.[1]

---

[1] Defendant Fiorillo filed an objection to my report and recommendation of remand. ECF No. 14. However, this filing does not present any objective reason based in fact or law to support the removal of this Massachusetts state

Nor does Defendant Fiorillo's out-of-time Omnibus Response to Show Cause filed in another case, Northern Bank & Tr. Co. v. Fiorillo, 23-cv-368, ECF Nos. 12-13, present any reasons why the Court should not award Plaintiff Quillinan's fees and costs as requested. Defendant Fiorillo was also ordered to appear at an in-person hearing held on November 13, 2023, to address the Court regarding why such fees should not be awarded. Text Order of Oct. 16, 2023. Defendant Fiorillo failed to appear. Instead, an hour before the hearing was scheduled to begin and continuing until five minutes after the scheduled start time, Defendant Fiorillo filed a series of motions in other cases on for hearing at the same time seeking to delay or continue the hearing. All such relief was denied.

Considering the totality of circumstances presented in this case and the other cases recently removed by Defendant Fiorillo (all of which are now remanded), including but not limited to, the originally provisional but now unrebutted and adopted-over-objection findings in Spitalny, 2023 WL 6842275, at *2-6, the affidavit submitted by Plaintiff Quillinan's counsel in support of the fee motion and based on my review of the relevant time entries and hourly rate,[2] as well as the absence of any opposition to the finding that the removal was not objectively reasonable or to the amount of the fee award sought, I find that a fee award is appropriate because Defendant Fiorillo's removal of this case was vexatious and abusive and he lacked any objectively reasonable basis for seeking removal of this case to this Court. See Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005) ("courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking

---

court case to this Court; further, this filing was considered and rejected by the District Court for that reason. See Text Order of Oct. 31, 2023.

[2] Pursuant to DRI LR Cv 54.1(b)(2), I find that a second affidavit regarding the reasonableness of the hourly rate is not necessary in the circumstances of this case.

removal"); Baffoni v. Lisi, C.A. No. 22-292-JJM, 2023 WL 2598686, at *3 (D.R.I. Mar. 22, 2023) (based on remand for lack of subject matter jurisdiction of second removed case asserting similar claims to those asserted in prior case removed by same *pro se* litigant and remanded for lack of subject matter jurisdiction, court finds that removing party lacked objectively reasonable basis for seeking second removal). Based on the same considerations, I further find that Plaintiff Quillinan's total fee request is reasonable and appropriate pursuant to 28 U.S.C. § 1447(c), except for the correction of an arithmetic error. As adjusted, I find that a fee award of $3,337 is appropriate based on the fees reasonably incurred as a result of the removal.

Based on the foregoing, to the extent that they seek an award of attorney fees, Plaintiff Quillinan's motions (ECF Nos. 7 and 11) are GRANTED and Plaintiff Quillinan is hereby awarded $3,337 pursuant to 28 U.S.C. § 1447(c). To the extent that ECF No. 7 also addresses Plaintiff Quillinan's request for injunctive relief, injunctive relief will be separately addressed in a report and recommendation that will issue hereafter.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 22, 2023